**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RONALD LIGHT,

                Petitioner,                Case Number: 04-CV-72280

v.                                          HON. NANCY G. EDMUNDS

KURT JONES,

                Respondent.
_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION</u>**

Petitioner Ronald Light filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 14, 2005, the Court issued an Opinion and Order Granting Respondent's Motion for Summary Judgment and Dismissing Petition for Writ of Habeas Corpus. On April 5, 2006, Petitioner filed a Motion to Vacate Void Judgment, which the Court denied. Now before the Court is Petitioner's Motion for Reconsideration of the Court's Order Denying Petitioner's Motion to Vacate Void Judgment.

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different a disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. <u>Marketing Displays, Inc. v. Traffix Devices, Inc.</u>, 971 F. Supp. 262, 278 (E.D. Mich. 1997), *citing* Webster's New World Dictionary 974 (3rd Ed. 1988). Further, the Local Rules also provide that any "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

implication," shall not be granted. L.R. 7.1(g)(3).

Petitioner argues that this Court mistakenly read his Motion to Vacate Void Judgment as asking the Court to vacate its decision dismissing the petition as untimely. Petitioner maintains that he was instead asking the Court to vacate the convictions challenged in his habeas petition because the state court lacked jurisdiction to try the case. The Court dismissed the habeas petition because it was not timely filed. Petitioner's argument that the state court lacked jurisdiction does not convince the Court that its decisions that the petition was untimely and that the Motion to Vacate Void Judgment was meritless were based upon a palpable defect the correction of which would result in a different disposition of the case. The Court, therefore, shall deny the Motion.

Accordingly, Petitioner's Motion for Reconsideration is **DENIED**.

**SO ORDERED**.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 4, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 4, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

2